# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
02/08/2013
CT Log Number 522104631

TO: Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC, 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

RE: **Process Served in California**

FOR: Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donald Boehnner, etc., Pltf. vs. Air & Liquid Systems Corporation, etc., et al. including Crane Co., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Instructions, Complaint, Cover Sheet, Addendum(s), Notice(s), Alternative Dispute Resolution, Stipulation(s), Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC500442 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2013 at 16:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benno Ashrafi Weitz & Luxenberg, P.C. 1880 Century Park East Ste 700 Los Angeles, CA 90067 310-247-0921 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity name served at time of service at CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2013, Expected Purge Date: 02/13/2013 Image SOP Email Notification, Stacie Simpson PACEservice@paceclaims.com Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
AIR & LIQUID SYSTEMS CORPORATION, a subsidiary of [see
Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DONALD BOEHNER, an individual;

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 05 2013

John A. Clarke, Executive Officer/Clerk
BY Cristina Grijalva, Deputy
Cristina Grijalva

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles, Superior Court, Central District, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER *(Número del Caso):* BC 5 0 0 4 4 2 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benno Ashrafi, Weitz & Luxenberg, P.C., 1880 Century Park East, Ste 700, L.A., CA 90067; 310-247-0921

| DATE: *(Fecha)* John A. Clarke | Clerk, by *(Secretario)* CRISTINA GRIJALVA | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

FEB 05 2013

3. ☑ on behalf of *(specify):* CRANE CO.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Boehner v. Air & Liquid Systems Corporation, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY;
ALFA LAVAL, INC., individually and as successor in interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION;
AURORA PUMP COMPANY;
BLACKMER PUMP COMPANY;
BNSF RAILWAY COMPANY, individually and as successor in interest to GREAT NORTHERN RAILWAY and successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD;
BW/IP INC., individually and as successor in interest to BYRON JACKSON PUMP CO.;
CANADIAN PACIFIC RAILWAY CO., individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD;
CARRIER CORPORATION, individually and as successor in interest to BRYANT HEATING & COOLING SYSTEMS;
CBS CORPORATION f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT;
CERTAINTEED CORPORATION;
CLARK-RELIANCE CORPORATION, individually and as successor in interest to JERGUSON GAGE & VALVE COMPANY;
CRANE CO.;
DAKOTA SOUTHERN RAILWAY COMPANY, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD;
DANA COMPANIES LLC, f/k/a and individually and as successor in interest to VICTOR CORPORATION, VICTOR GASKETS and VICTOR MANUFACTURING AND GASKET COMPANY;
FMC CORPORATION, f/k/a CONSTRUCTION EQUIPMENT GROUP a/k/a and individually and as successor in interest to LINK-BELT CONSTRUCTION EQUIPMENT COMPANY, LTD, and also individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY, CHICAGO PUMP COMPANY and PEERLESS PUMP COMPANY;
FOSTER WHEELER, LLC, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION;
GOODRICH CORPORATION, f/k/a THE B.F. GOODRICH COMPANY;
GOODYEAR TIRE & RUBBER COMPANY;

[see Additional Parties Attachment Page 3]

Page __2__ of __3__

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Boehner v. Air & Liquid Systems Corporation, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

GOULDS PUMPS, INC.;
IMO INDUSTRIES, INC., individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY;
INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY;
ITT CORPORATION, f/k/a ITT INDUSTRIES, INC., individually and as successor-in-interest to BELL & GOSSETT, KENNEDY VALVE MANUFACTURING COMPANY, KENNEDY VALVE, INC. and KENNEDY VALVE COMPANY;
JERGUSON GAGE & VALVE COMPANY;
JOHN CRANE, INC.;
J.T. THORPE & SON, INC.;
METALCLAD INSULATION CORPORATION;
PEERLESS INDUSTRIES, INC.;
SOO LINE CORPORATION, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD;
SOO LINE RAILROAD COMPANY, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD;
STERLING FLUID SYSTEMS (USA), LLC, f/k/a PEERLESS PUMP CO.;
SYD CARPENTER, MARINE CONTRACTOR, INC.;
THE NASH ENGINEERING COMPANY;
TRANE U.S. INCORPORATED, f/k/a AMERICAN STANDARD INCORPORATED, individually and as successor to KEWANEE BOILER CORP. and AMERICAN BLOWER COMPANY;
TRIPLE A MACHINE SHOP, INC.;
UNION CARBIDE CORPORATION;
VIAD CORPORATION f/k/a THE DIAL CORPORATION individually and as successor in interest to GRISCOM-RUSSELL COMPANY;
VIKING PUMP, INC.;
WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY;
WEIR VALVES & CONTROLS USA, INC., f/k/a and individually and as successor in interest to ATWOOD & MORRILL;
WISCONSIN & SOUTHERN RAILROAD, L.L.C., individually and as successor interest to CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD;
YARWAY CORPORATION;
and DOES 1 through 400, inclusive,

Page __3__ of __3__

Page 1 of 1

Benno Ashrafi, Esq. (CSBN 247623)
Venus Burns, Esq. (CSBN
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Tel.: (310) 247-0921
Fax: (310) 786-9927

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 05 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Cristina Grijalva

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

### BC500442

| | |
|---|---|
| DONALD BOEHNER, an individual; | CASE NO. |
| Plaintiff, | [COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO: C 700 000] |
| v. | |
| **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY; **ALFA LAVAL, INC.**, individually and as successor in interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION; **AURORA PUMP COMPANY; BLACKMER PUMP COMPANY; BNSF RAILWAY COMPANY**, individually and as successor in interest to GREAT NORTHERN RAILWAY and successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD; **BW/IP INC.**, individually and as successor in interest to BYRON JACKSON PUMP CO.; **CANADIAN PACIFIC RAILWAY CO.**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD; **CARRIER CORPORATION**, individually and as successor in interest to BRYANT HEATING & COOLING SYSTEMS; | **PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br><br>2. **BREACH OF EXPRESS AND IMPLIED WARRANTIES**<br><br>3. **STRICT LIABILITY**<br><br>4. **PREMISES OWNER/ CONTRACTOR LIABILITY**<br>5. **FEDERAL EMPLOYERS LIABILITY ACT (FELA)**<br><br>**DEMAND FOR JURY TRIAL** |

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 1 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  **CBS CORPORATION f/k/a VIACOM, INC.**, successor by merger to CBS
2  CORPORATION f/k/a **WESTINGHOUSE ELECTRIC CORPORATION** as successor in
3  interest to BF STURTEVANT;
   **CERTAINTEED CORPORATION;**
4  **CLARK-RELIANCE CORPORATION,**
5  individually and as successor in interest to JERGUSON GAGE & VALVE COMPANY;
6  **CRANE CO.;**
   **DAKOTA SOUTHERN RAILWAY**
7  **COMPANY,** individually and as successor in interest to CHICAGO, MILWAUKEE, ST.
8  PAUL and PACIFIC RAILROAD;
   **DANA COMPANIES LLC,** f/k/a and
9  individually and as successor in interest to VICTOR CORPORATION, VICTOR
10 GASKETS and VICTOR
11 MANUFACTURING AND GASKET COMPANY;
12 **FMC CORPORATION,** f/k/a
   CONSTRUCTION EQUIPMENT GROUP
13 a/k/a and individually and as successor in interest to LINK-BELT CONSTRUCTION
14 EQUIPMENT COMPANY, LTD, and also individually and as successor in interest to
15 NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS
16 COMPANY, CHICAGO PUMP COMPANY
17 and PEERLESS PUMP COMPANY;
   **FOSTER WHEELER, LLC,** a/k/a and
18 individually and as successor in interest to
19 FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY
20 CORPORATION;
   **GARDNER DENVER, INC.,** f/k/a
21 GARDNER DENVER MACHINERY, INC.;
22 **GENERAL ELECTRIC COMPANY;**
   **GEORGIA-PACIFIC LLC,** f/k/a
23 GEORGIA-PACIFIC CORPORATION;
   **GOODRICH CORPORATION,** f/k/a THE
24 B.F. GOODRICH COMPANY;
   **GOODYEAR TIRE & RUBBER**
25 **COMPANY;**
26 **GOULDS PUMPS, INC.;**
   **IMO INDUSTRIES, INC.,** individually and
27 as successor in interest to DELAVAL STEAM
   TURBINE COMPANY;
28 **INGERSOLL-RAND COMPANY,**

- 2 -

individually and as successor in interest to
TERRY STEAM TURBINE COMPANY;
**ITT CORPORATION, f/k/a ITT
INDUSTRIES, INC.**, individually and as
successor-in-interest to BELL & GOSSETT,
KENNEDY VALVE MANUFACTURING
COMPANY, KENNEDY VALVE, INC. and
KENNEDY VALVE COMPANY;
**JERGUSON GAGE & VALVE
COMPANY;**
**JOHN CRANE, INC.;**
**J.T. THORPE & SON, INC.;**
**METALCLAD INSULATION
CORPORATION;**
**PEERLESS INDUSTRIES, INC.;**
**SOO LINE CORPORATION**, individually
and as successor in interest to CHICAGO,
MILWAUKEE, ST. PAUL and PACIFIC
RAILROAD;
**SOO LINE RAILROAD COMPANY,**
individually and as successor in interest to
CHICAGO, MILWAUKEE, ST. PAUL and
PACIFIC RAILROAD;
**STERLING FLUID SYSTEMS (USA),
LLC**, f/k/a PEERLESS PUMP CO.;
**SYD CARPENTER, MARINE
CONTRACTOR, INC.;**
**THE NASH ENGINEERING COMPANY;**
**TRANE U.S. INCORPORATED, f/k/a
AMERICAN STANDARD
INCORPORATED**, individually and as
successor to KEWANEE BOILER CORP. and
AMERICAN BLOWER COMPANY;
**TRIPLE A MACHINE SHOP, INC.;**
**UNION CARBIDE CORPORATION;**
**VIAD CORPORATION** f/k/a THE DIAL
CORPORATION individually and as
successor in interest to GRISCOM-RUSSELL
COMPANY;
**VIKING PUMP, INC.;**
**WARREN PUMPS, LLC**, f/k/a WARREN
PUMPS, INC., individually and as successor in
interest to QUIMBY PUMP COMPANY;
**WEIR VALVES & CONTROLS USA,
INC.**, f/k/a and individually and as successor
in interest to ATWOOD & MORRILL;
**WISCONSIN & SOUTHERN RAILROAD,
L.L.C.**, individually and as successor interest
to CHICAGO, MILWAUKEE, ST. PAUL

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 3 -

AND PACIFIC RAILROAD;
YARWAY CORPORATION;
and DOES 1 through 400, inclusive,

Defendants.

COMES NOW, Plaintiff DONALD BOEHNER for causes of action against defendants and DOES 1 through 400, and each of them, inclusive, who files this Complaint and alleges as follows:

## GENERAL ALLEGATIONS

1.     The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein as a DOE caused injuries and damages proximately thereby to plaintiff as hereinafter alleged; and that each DOE defendant is liable to the plaintiff for the acts and omissions alleged herein below, and the resulting injuries to plaintiff, and damages sustained by the plaintiff.  Plaintiff will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the agent, servant, employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of them, and at all said times, each defendant and each DOE defendant was acting in the full course, scope and authority of said agency, service, employment and/or joint venture.

3.     Plaintiff is informed and believes, and thereon alleges, that all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as, formerly known as and/or were the successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in an entity or entities engaged in the funding, researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing,

-4-

1   marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain

2   substance, the generic name of which is asbestos, and/or other products, components and assemblies

3   containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through 400, and

4   each of them, inclusive, are liable for the acts, omissions and tortious conduct of its successors

5   and/or predecessors in interest/business/product line/or a portion thereof, assigns, parent, subsidiary,

6   affiliate, partner, co-venturer, merged company, alter ego, agent, equitable trustee, fiduciary and/or

7   its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoys

8   the goodwill originally attached to each such alternate entity, acquired the assets or product line (or

9   portion thereof), and that there has been a virtual destruction of plaintiff' remedy against each such

10  alternate entity, and in that each such defendant has the ability to assume the risk spreading role of

11  each such alternate entity.

12      4.      Defendants placed their names, logos, and trademarks on asbestos products as well as

13  put out as their own asbestos products manufactured by others so as to be an apparent manufacturer

14  and liable as the manufacturer.

15      5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein

16  mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are

17  corporations organized and existing under the laws of the State of California or the laws of some

18  state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are

19  authorized to do and are doing business in the State of California and regularly conducted business

20  in the County of Los Angeles.

21      6.      Plaintiff DONALD BOEHNER was a worker and end user, including, as exposure as

22  Boiler Tender in the Navy from 1943-1952, and 1966-1978, as well as exposed as a fireman for the

23  Great Northern Railway and the Chicago, Milwaukee, St. Paul and Pacific Railroad in the 1950s,

24  and while doing construction work in the 1950s and 1960s who at various locations, including within

25  the State of California, used, handled or was otherwise exposed to asbestos, asbestos containing

26  products and/or products designed to be used in association with asbestos products of, and/or on or

27  about the premises of, defendants and DOES 1 through 400, and each of them, inclusive; including:

28  **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC.,

2  individually and as successor in interest to BUFFALO FORGE COMPANY (for pumps); **ALFA**

3  **LAVAL, INC.**, individually and as successor in interest to THE DELAVAL SEPARATOR

4  COMPANY and SHARPLES CORPORATION (for DeLaval and Sharples oil purifiers); **AURORA**

5  **PUMP COMPANY** (for pumps); **BLACKMER PUMP COMPANY** (for pumps); **BNSF**

6  **RAILWAY COMPANY**, individually and as successor in interest to GREAT NORTHERN

7  RAILWAY and successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC

8  RAILROAD (for asbestos materials); **BW/IP INC.**, individually and as successor in interest to

9  BYRON JACKSON PUMP CO. (for pumps); **CANADIAN PACIFIC RAILWAY CO.**,

10  individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC

11  RAILROAD (for asbestos materials); **CARRIER CORPORATION**, individually and as successor

12  in interest to BRYANT HEATING & COOLING SYSTEMS (for forced draft blowers); **CBS**

13  **CORPORATION f/k/a VIACOM, INC.**, successor by merger to CBS CORPORATION f/k/a

14  WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT

15  (for pumps, turbines, generators and forced draft blowers); **CERTAINTEED CORPORATION**

16  (for Bestwall joint compound and asbestos siding); **CLARK-RELIANCE CORPORATION**,

17  individually and as successor in interest to JERGUSON GAGE & VALVE COMPANY (for

18  Jerguson gage glasses); **CRANE CO.** (for valves and gaskets); **DAKOTA SOUTHERN**

19  **RAILWAY COMPANY**, individually and as successor in interest to CHICAGO, MILWAUKEE,

20  ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **DANA COMPANIES LLC**, f/k/a

21  and individually and as successor in interest to VICTOR CORPORATION, VICTOR GASKETS

22  and VICTOR MANUFACTURING AND GASKET COMPANY (for gaskets); **FMC**

23  **CORPORATION**, f/k/a CONSTRUCTION EQUIPMENT GROUP a/k/a and individually and as

24  successor in interest to LINK-BELT CONSTRUCTION EQUIPMENT COMPANY, LTD, and also

25  individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN

26  FIRE APPARATUS COMPANY, CHICAGO PUMP COMPANY and PEERLESS PUMP

27  COMPANY; (for Northern pumps, Chicago pumps, Peerless pumps); **FOSTER WHEELER, LLC**,

28  a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST   SUITE 700
LOS ANGELES, CALIFORNIA 90067

FOSTER WHEELER ENERGY CORPORATION (for boilers and condensers); **GARDNER DENVER, INC.,** f/k/a GARDNER DENVER MACHINERY, INC. (for pumps); **GENERAL ELECTRIC COMPANY** (for turbines, pumps and generators); **GEORGIA-PACIFIC LLC,** f/k/a GEORGIA-PACIFIC CORPORATION (for Bestwall joint compound); **GOODRICH CORPORATION,** f/k/a THE B.F. GOODRICH COMPANY (for Cranite gaskets); **GOODYEAR TIRE & RUBBER COMPANY** (for Goodyearite, Durabla and Cranite gaskets); **GOULDS PUMPS, INC.** (for pumps); **IMO INDUSTRIES, INC.,** individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY (for DeLaval pumps); **INGERSOLL-RAND COMPANY,** individually and as successor in interest to TERRY STEAM TURBINE COMPANY (for pumps and compressors); **ITT CORPORATION,** f/k/a ITT INDUSTRIES, INC., individually and as successor-in-interest to BELL & GOSSETT, KENNENDY VALVE MANUFACTURING COMPANY, KENNEDY VALVE, INC. and KENNEDY VALVE COMPANY (for Bell & Gossett Pumps); **JERGUSON GAGE & VALVE COMPANY** (for Jerguson gage glasses); **JOHN CRANE, INC.** (for gaskets and packing); **J.T. THORPE & SON, INC.** (for supply of asbestos products and contractor work); **METALCLAD INSULATION CORPORATION** (for supply of asbestos products and contractor work); **PEERLESS INDUSTRIES, INC.** (for pumps); **SOO LINE CORPORATION,** individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **SOO LINE RAILROAD COMPANY,** individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **STERLING FLUID SYSTEMS (USA), LLC,** f/k/a PEERLESS PUMP CO. (for Pumps); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (for supply of asbestos products and contractor work); **THE NASH ENGINEERING COMPANY** (for pumps); **TRANE U.S. INCORPORATED,** f/k/a AMERICAN STANDARD INCORPORATED, individually and as successor to KEWANEE BOILER CORP. and AMERICAN BLOWER COMPANY (for boilers and industrial equipment); **TRIPLE A MACHINE SHOP, INC.** (for supply of asbestos products and contractor work); **UNION CARBIDE CORPORATION** (for fiber supply); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION individually and as successor in interest to

- 7 -

1  GRISCOM-RUSSELL COMPANY (for heaters and distilling plants); **VIKING PUMP, INC.** (for

2  pumps); **WARREN PUMPS, LLC,** f/k/a WARREN PUMPS, INC., individually and as successor in

3  interest to QUIMBY PUMP COMPANY (for pumps); **WEIR VALVES & CONTROLS USA,**

4  **INC.,** f/k/a and individually and as successor in interest to ATWOOD & MORRILL (for valves);

5  **WISCONSIN & SOUTHERN RAILROAD, L.L.C.,** individually and as successor interest to

6  CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD (for asbestos materials);

7  **YARWAY CORPORATION** (for valves); and DOES 1 through 400, inclusive.

8      7.    Plaintiff is informed and believes, and thereon alleges, that asbestos related diseases

9  such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural plaques are progressive

10  lung diseases caused by cumulative inhalation of asbestos fibers without perceptible trauma and that

11  said diseases result from exposure to asbestos and asbestos products over a period of time.

12      8.    As set forth herein this complaint, and as a result of plaintiff DONALD BOEHNER's

13  asbestos exposure to the products of and/or on the premises of defendants and DOES 1 through 400,

14  and each of them, inclusive, plaintiff DONALD BOEHNER was diagnosed with mesothelioma on or

15  about September 2012, which is life threatening, debilitating and likely terminal, and plaintiff

16  continues to endure great physical pain and suffering, mental anguish, loss of enjoyment of life and

17  the loss of earnings, earning capacity and attendant medical expenses; all to the plaintiff's general

18  and special damage in excess of the jurisdictional limits of the unlimited Court.

19  **FIRST CAUSE OF ACTION**

20  **NEGLIGENCE**

21  **(Against All Product Defendants and DOES 1 through 200)**

22      9.    Plaintiff re-alleges and incorporates here by reference, as though fully set forth at

23  length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

24      10.    Plaintiff DONALD BOEHNER was a worker and end user who used, handled or was

25  otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in

26  association with asbestos products of, including, but not limited to: **AIR & LIQUID SYSTEMS**

27  **CORPORATION,** a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as

28  successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 8 -

1  BUFFALO FORGE COMPANY (for pumps); **ALFA LAVAL, INC.**, individually and as successor

2  in interest to THE DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION (for

3  DeLaval and Sharples oil purifiers); **AURORA PUMP COMPANY** (for pumps); **BLACKMER**

4  **PUMP COMPANY** (for pumps); **BNSF RAILWAY COMPANY**, individually and as successor in

5  interest to GREAT NORTHERN RAILWAY and successor in interest to CHICAGO,

6  MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **BW/IP INC.**,

7  individually and as successor in interest to BYRON JACKSON PUMP CO. (for pumps);

8  **CANADIAN PACIFIC RAILWAY CO.**, individually and as successor in interest to CHICAGO,

9  MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **CARRIER**

10 **CORPORATION**, individually and as successor in interest to BRYANT HEATING & COOLING

11 SYSTEMS (for forced draft blowers); **CBS CORPORATION f/k/a VIACOM, INC.**, successor by

12 merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as

13 successor in interest to BF STURTEVANT (for pumps, turbines, generators and forced draft

14 blowers); **CERTAINTEED CORPORATION** (for Bestwall joint compound and asbestos siding);

15 **CLARK-RELIANCE CORPORATION**, individually and as successor in interest to JERGUSON

16 GAGE & VALVE COMPANY (for Jerguson gage glasses); **CRANE CO.** (for valves and gaskets);

17 **DAKOTA SOUTHERN RAILWAY COMPANY**, individually and as successor in interest to

18 CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **DANA**

19 **COMPANIES LLC**, f/k/a and individually and as successor in interest to VICTOR

20 CORPORATION, VICTOR GASKETS and VICTOR MANUFACTURING AND GASKET

21 COMPANY (for gaskets); **FMC CORPORATION**, f/k/a CONSTRUCTION EQUIPMENT

22 GROUP a/k/a and individually and as successor in interest to LINK-BELT CONSTRUCTION

23 EQUIPMENT COMPANY, LTD, and also individually and as successor in interest to NORTHERN

24 PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY, CHICAGO PUMP

25 COMPANY and PEERLESS PUMP COMPANY; (for Northern pumps, Chicago pumps, Peerless

26 pumps); **FOSTER WHEELER, LLC**, a/k/a and individually and as successor in interest to

27 FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for

28 boilers and condensers); **GARDNER DENVER, INC.**, f/k/a GARDNER DENVER MACHINERY,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 9 -

INC. (for pumps); **GENERAL ELECTRIC COMPANY** (for turbines, pumps and generators); **GEORGIA-PACIFIC LLC**, f/k/a GEORGIA-PACIFIC CORPORATION (for Bestwall joint compound); **GOODRICH CORPORATION**, f/k/a THE B.F. GOODRICH COMPANY (for Cranite gaskets); **GOODYEAR TIRE & RUBBER COMPANY** (for Goodyearite, Durabla and Cranite gaskets); **GOULDS PUMPS, INC.** (for pumps); **IMO INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY (for DeLaval pumps); **INGERSOLL-RAND COMPANY**, individually and as successor in interest to TERRY STEAM TURBINE COMPANY (for pumps and compressors); **ITT CORPORATION**, f/k/a ITT INDUSTRIES, INC., individually and as successor-in-interest to BELL & GOSSETT, KENNEDY VALVE MANUFACTURING COMPANY, KENNEDY VALVE, INC. and KENNEDY VALVE COMPANY (for Bell & Gossett Pumps); **JERGUSON GAGE & VALVE COMPANY** (for Jerguson gage glasses); **JOHN CRANE, INC.** (for gaskets and packing); **J.T. THORPE & SON, INC.** (for supply of asbestos products and contractor work); **METALCLAD INSULATION CORPORATION** (for supply of asbestos products and contractor work); **PEERLESS INDUSTRIES, INC.** (for pumps); **SOO LINE CORPORATION**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **SOO LINE RAILRAOD COMPANY**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **STERLING FLUID SYSTEMS (USA), LLC**, f/k/a PEERLESS PUMP CO. (for Pumps); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (for supply of asbestos products and contractor work); **THE NASH ENGINEERING COMPANY** (for pumps); **TRANE U.S. INCORPORATED**, f/k/a AMERICAN STANDARD INCORPORATED, individually and as successor to KEWANEE BOILER CORP. and AMERICAN BLOWER COMPANY (for boilers and industrial equipment); **TRIPLE A MACHINE SHOP, INC.** (for supply of asbestos products and contractor work); **UNION CARBIDE CORPORATION** (for fiber supply); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION individually and as successor in interest to GRISCOM-RUSSELL COMPANY (for heaters and distilling plants); **VIKING PUMP, INC.** (for pumps); **WARREN PUMPS, LLC**, f/k/a WARREN PUMPS, INC., individually and as successor in

- 10 -

1   interest to QUIMBY PUMP COMPANY (for pumps); **WEIR VALVES & CONTROLS USA,**

2   **INC.,** f/k/a and individually and as successor in interest to ATWOOD & MORRILL (for valves);

3   **WISCONSIN & SOUTHERN RAILROAD, L.L.C.,** individually and as successor interest to

4   CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD (for asbestos materials);

5   **YARWAY CORPORATION** (for valves); and DOES 1 through 200, and each of them inclusive

6   (hereafter "Product Defendants"), in a manner that was reasonably foreseeable to said defendants.

7        11.    At all times herein mentioned, the Product Defendants, and each of them, were

8   engaged in the business of researching, studying, manufacturing, fabricating, designing, developing,

9   labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting,

10   servicing, repairing, installing, demolishing, contracting for installation, contracting others to install,

11   repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a

12   certain substance, the generic name of which is asbestos, and/or other products, components and

13   assemblies containing said substance, or are engaged in the business of manufacturing, fabricating,

14   designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory

15   protective devices which were intended to block the entry of asbestos fibers into the bodies of

16   workers who were exposed to asbestos in the workplace and other locations.

17        12.    At all times herein mentioned, the Product Defendants, and each of them, negligently

18   and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or

19   caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed,

20   supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished,

21   contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded,

22   manufactured for others, packaged and advertised a certain substance, the generic name of which is

23   asbestos, and/or other asbestos-containing products, components and assemblies containing said

24   substance, and that said substance was capable of causing and did, in fact, proximately cause

25   personal injuries to users, consumers, workers, persons working around or living with persons

26   working with or around such asbestos and asbestos-containing products, and others including

27   plaintiff DONALD BOEHNER, while being used in a manner that was intended by or otherwise

28   reasonably foreseeable to said defendants, thereby rendering said substances unsafe and dangerous

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   for use by the consumers, users, bystanders or workers exposed thereto.

2       13.    At all times herein mentioned, the Product Defendants, and each of them, had a duty

3   to exercise reasonable care while engaging in the activities mentioned above and said Defendants

4   breached said duty of reasonable care in that Product Defendants, and each of them, failed to safely

5   and adequately design, manufacture and/or sell said defendants' products; failed to test said

6   products; failed to investigate the hazards of said products; failed to warn those persons who would

7   be exposed, including plaintiff DONALD BOEHNER, of the health hazards of using said

8   defendants' products; failed to disclose the known or knowable dangers of using said defendants'

9   products; failed to obtain suitable alternative materials to asbestos when such alternatives were

10  available; and as otherwise stated herein.

11      14.    On or before 1927, and thereafter, the Product Defendants, and each of them, were

12  aware and knew of the dangers associated with breathing asbestos containing dust, and said

13  defendants also were aware and knew that users of asbestos and asbestos products, as well as

14  members of the general public who would be exposed to asbestos and asbestos-containing products,

15  had no knowledge or information indicating that asbestos could cause injury, and said defendants

16  knew that the users of asbestos and asbestos-containing products, as well as members of the general

17  public who were exposed to asbestos and asbestos-containing products, would assume, and in fact

18  did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said

19  exposure was extremely hazardous to human life; and propagated misinformation intended to instill

20  in users of the Product Defendants' products a false security about the safety of said defendants'

21  products.

22      15.    The Product Defendants, and each of them, knew and failed to disclose that plaintiff

23  DONALD BOEHNER and anyone similarly situated, upon inhalation of asbestos would, in time,

24  have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

25  mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of

26  asbestos would cause pathological effects without noticeable trauma to the public, including buyers,

27  users, and physicians such that physicians could not examine, diagnose and treat those who were

28  exposed to asbestos, including plaintiff.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 12 -

16.    The Product Defendants, and each of them, despite said defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers, including plaintiff DONALD BOEHNER, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff DONALD BOEHNER.

17.    Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the Product Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.  Said defendants propagated misinformation to instill a false sense of security and safety to instill in users a false sense of security about the safety of their products.

18.    In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, the Product Defendants, and each of them, did so with conscious disregard for the safety of the users of said products, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1927, and thereafter.

19.    The above referenced conduct of Product Defendants, and each of them, was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products.  In pursuance of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed

- 13 -

PLAINTIFF'S COMPLAINT

1    to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit

2    asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons

3    exposed thereto, including plaintiff.

4        20.    With said knowledge, Product Defendants, and each of them, opted to manufacture,

5    distribute and install said asbestos and asbestos-containing products without attempting to protect

6    users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and

7    asbestos products.

8        21.    Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or

9    disease to DONALD BOEHNER, and had not been advised or informed by anyone that he could

10   contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

11       22.    Product Defendants, and each of them, were aware that such dust created an increased

12   risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing

13   dust.

14       23.    Plaintiff is informed and believes, and based thereon alleges, that the injuries

15   complained of herein were proximately caused by the negligence of the Product Defendants, and

16   each of them, in that said defendants knew or should have known that the asbestos dust would be

17   generated and released from their asbestos-containing products during the regular and intended uses

18   of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure

19   there from created an increased risk of asbestos disease for all users, consumers, or others, including

20   plaintiff, who breathed said asbestos-containing dust which said defendants knew or should have

21   known was harmful to the body and health of persons installing, handling, and using asbestos and

22   asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use

23   and handling, and that such asbestos products and dust were capable of causing and did, in fact,

24   cause personal injuries to users, consumers and others, while being used in a manner reasonably

25   foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

26       24.    Plaintiff are informed and believe, and based thereon allege, that the injuries

27   complained of herein were proximately caused by the negligence of the Product Defendants, and

28   each of them, in that said defendants failed to take reasonable care to warn the plaintiff of the danger

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   and harm to which he was exposed while installing, handling and otherwise using said products, as

2   well as while he was in the vicinity of the use, installation, and handling of said products, and failed

3   to specify, recommend, supply, install, sell, and use readily available substitutes which do not and

4   did not pose the danger to human health.

25.   The conduct of the Product Defendants, and each of them, as described in this cause

6   of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff,

7   and that said defendants demonstrated such an entire want of care as to establish that their acts and

8   omissions were the result of actual conscious indifference to the rights, safety, and welfare of

9   plaintiff DONALD BOEHNER, and that such intentional acts and omissions were substantial factors

10   in causing his disease and injuries.

26.   As a direct and proximate result of the aforesaid conduct of said Product Defendants,

12   and each of them, plaintiff DONALD BOEHNER has suffered, and continues to suffer, permanent

13   injuries to his person, body and health all to his general damage in a sum in excess of the jur-

14   isdictional limits of this unlimited Court.

15   27.   As a direct and proximate result of the aforesaid conduct of said Product Defendants,

16   and each of them, plaintiff DONALD BOEHNER was and will be compelled to and did employ

17   medical services in an amount which has not as yet been fully ascertained and which will be asserted

18   according to proof at trial.

19   28.   As a direct and proximate result of the aforesaid conduct of said Product Defendants,

20   and each of them, plaintiff has and/or will suffer loss of income and earnings, past, present and

21   future and earning capacity in an amount which has not as yet been fully ascertained and which will

22   be asserted according to proof at trial.

23   29.   As a direct and proximate result of the aforesaid conduct of said Product Defendants,

24   and each of them, plaintiff did necessarily incur and in the future will incur incidental expenses and

25   damages in an amount which has not as yet been fully ascertained and which will be asserted

26   according to proof at trial.

27   30.   In particular, plaintiff would show that, as alleged here in this cause of action and

28   throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product

- 15 -

PLAINTIFF'S COMPLAINT

1   Defendants, and DOES 1 through 200, and each of them, and their officers, directors, and managing

2   agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

3   ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

4   disease and injuries.  As the above referenced conduct complained of in this complaint of said

5   Product Defendants, and DOES 1 through 200, and each of them, and their officers, directors, and

6   managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

7   outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

8   want of care as to establish that their acts and omissions were the result of actual conscious

9   indifference to the rights, safety, and welfare of plaintiff DONALD BOEHNER and of workers

10  exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

11  of punishing said defendants, seek punitive damages according to proof.

**SECOND CAUSE OF ACTION**

**BREACH OF EXPRESS AND IMPLIED WARRANTIES**

**(Against All Product Defendants and DOES 1 through 200)**

15  31.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth at

16  length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

17  32.   Defendants and DOES 1 through 200, and each of them, inclusive, sold and/or

18  otherwise supplied the asbestos containing products, materials and equipment to Plaintiff and/or his

19  employers.

20  33.   That in connection with the manufacture, preparation, sale, specification, installation,

21  use, and supply of asbestos products, Product Defendants, and each of them, expressly and impliedly

22  warranted that said products were of good and merchantable quality and fit for their intended use.

23  However, in truth and in fact, said products contained harmful and deleterious asbestos fibers,

24  known to the defendants herein, to be defective and harmful to humans exposed thereto.

25  34.   Said products were not and are not suitable for the purposes for which said products

26  were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their

27  use by human beings in confined spaces where humans would be physically present, working, rest-

28  ing or breathing.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S COMPLAINT

35.     Plaintiff relied on the express and implied warranties of Product Defendants, and each of them, in the use of and exposure to said asbestos and asbestos products, and plaintiff DONALD BOEHNER was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

36.     Product Defendants, and each of them, breached the above-described express and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to plaintiff while using said substance in a manner that was reasonably foreseeable.

37.     The breaches of warranties by the Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff.

38.     As a direct and proximate result of the above-described breaches of warranties by said Product Defendants, and each of them, plaintiff DONALD BOEHNER suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

39.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 200, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 2200, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff DONALD BOEHNER and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

///

///

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1800 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

## THIRD CAUSE OF ACTION

### STRICT LIABILITY IN TORT

### (Against All Product Defendants and DOES 1 through 200)

40.     Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

41.     At all times mentioned herein, the Product Defendants, and each of them, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance which were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of the Product Defendants, and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

42.     At all times mentioned herein, the Product Defendants, and each of them, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

43.     The Product Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

44.     The asbestos and asbestos-containing products, components and assemblies of the Product Defendants, and each of them, were substantially the same as when they left said defendants' possession.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

45.     The aforementioned asbestos and asbestos-containing products of the Product Defendants, and each of them, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff DONALD BOEHNER was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

46.     The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff DONALD BOEHNER, and plaintiff had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

47.     The failure to warn by and the product defect in the asbestos and asbestos- containing products of Product Defendants, and each of them, were substantial factors and a legal cause of plaintiff DONALD BOEHNER's injuries and damages thereby sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff DONALD BOEHNER, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

48.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff DONALD BOEHNER suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

49.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 200, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 200, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  want of care as to establish that their acts and omissions were the result of actual conscious

2  indifference to the rights, safety, and welfare of plaintiff DONALD BOEHNER and of workers

3  exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

4  of punishing said defendants, seek punitive damages according to proof.

### FOURTH CAUSE OF ACTION

### PREMISES OWNER/CONTRACTOR LIABILITY

### (Against All Premises Defendants and DOES 201 through 400)

8      50.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth at

9  length herein, all of the allegations of paragraphs 1 through 49 above, inclusive.

10      51.   Plaintiff DONALD BOEHNER entered, performed work and was otherwise on or

11  about the premises of **J.T. THORPE & SON, INC.** (for supply of asbestos products and contractor

12  work); **METALCLAD INSULATION CORPORATION** (for supply of asbestos products and

13  contractor work); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (for supply of asbestos

14  products and contractor work); **TRIPLE A MACHINE SHOP, INC.** (for supply of asbestos

15  products and contractor work), and DOES 201 through 300, and each of them, inclusive (hereafter

16  "Premises Defendants), including performing that which was to defendants' benefit and advantage

17  and at defendants' request and invitation. In so doing, plaintiff was exposed to dangerous asbestos

18  fibers.

19      52.   At all times herein mentioned, the Premises Defendants, and each of them, were the

20  owners, lessors, operators, managers, general contractors, subcontractors or otherwise controlled and

21  maintained certain premises or portions thereof, on which asbestos and asbestos-containing products

22  were fabricated, constructed, manufactured, mixed, processed, milled, crushed, dumped, piled,

23  disposed of, installed, maintained, used, repaired, replaced or otherwise disturbed (hereafter "use(d),

24  handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various contractors, so as to

25  allow and cause and as a result, dangerous airborne asbestos fibers were present on and about said

26  premises while and/or prior to the times plaintiff DONALD BOEHNER was present creating a

27  hazardous condition upon said premises.

28      53.   At all times herein mentioned, the Premises Defendants, and each of them, knew, or

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 20 -

1 in the exercise of ordinary and reasonable care should have known, that the contractors and/or

2 subcontractors hired and/or retained were not competent, that the premises in their control would be

3 used as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the

4 persons working on or using said premises would not be aware of the aforesaid hazardous conditions

5 on the premises to which they were exposed.

6      54.    At all times mentioned herein, the Premises Defendants, and each of them,

7 negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or

8 correct, or to warn plaintiff DONALD BOEHNER of the existence of the aforesaid dangerous

9 conditions and hazards on said premises.

10      55.    At all times herein mentioned, the Premises Defendants, and each of them, knew,

11 negligently and carelessly used asbestos-containing products in construction and renovation, hired

12 contractors or subcontractors, created and/or approved building, specifications, supervised or failed

13 to supervise contractors and subcontractors, researched or failed to research, tested or failed to test,

14 warned or failed to warn, labeled or failed to label, failed to provide protection for, failed to provide

15 a safe work place, failed to provide adequate safety measures, devices and equipment, failed to

16 provide adequate ventilation, failed to provide adequate signs, used asbestos-containing products in

17 construction and renovation and failed to provide sufficient protection to plaintiff from hazards of

18 asbestos, the danger of which said defendants were aware.

19      56.    At all times herein mentioned, the asbestos-containing products, including but not

20 limited to, asbestos-containing building materials and products to be used, handled and/or disturbed

21 on the premises of Premises Defendants, and each of them, caused personal injuries to users,

22 consumers, workers and others, including plaintiff DONALD BOEHNER, while being used,

23 removed and/or handled in a manner reasonably foreseeable, thereby rendering these premises

24 unsafe and dangerous to consumers, users, bystanders or workers exposed thereto, including plaintiff

25 DONALD BOEHNER.

26      57.    At all times herein mentioned, the Premises Defendants, and each of them, knew and

27 could foresee that asbestos and asbestos-containing products used, handled and/or disturbed on the

28 said defendants' premises, and the asbestos dust, debris, fiber and particulate released from the same,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 21 -

1   created an unreasonable risk of harm to persons entering upon or present near or about the premises

2   of said defendants.

3        58.    At all times herein mentioned, the Premises Defendants, and each of them, knew and

4   could reasonably foresee, or in the exercise of ordinary care should have known, that said premises

5   would be entered by persons, including plaintiff DONALD BOEHNER, without knowledge of, or

6   inspection for, defects or dangerous conditions and that said persons would not be aware of the

7   aforesaid unreasonable risk of harm.

8        59.    At all times herein mentioned, the Premises Defendants, and each of them, knew and

9   reasonably could foresee, or in the exercise of ordinary care should have known, that the asbestos

10   dust, debris, fiber and particulate released into the ambient air on and about the premises of said

11   defendants generated from the same above-described use, handling and/or disturbance of the

12   asbestos and asbestos-containing products, including asbestos-laden waste derived from the premises

13   of said defendants, was dangerous and created an unreasonable risk of harm to persons entering upon

14   or being present near or about the premises of said defendants.

15        60.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty

16   to disclose the presence of, and the dangers and hazards presented by and associated with the

17   asbestos-containing products and the asbestos fibers released and generated from the same above-

18   described use, handling and/or disturbance thereof on and about the premises of said defendants.

19        61.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty

20   to disclose the presence of, and the dangers and hazards presented by and associated with the

21   asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of

22   said defendants, including asbestos-laden waste derived from the premises of said defendants.

23        62.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty

24   to properly remove and/or abate said asbestos at these facilities before or during his presence, but

25   failed to do so. The unreasonably dangerous conditions at these facilities was of such a nature and

26   existed long enough so that it was, or reasonably should have been, discovered and corrected by a

27   premises owner using reasonable care.

28        63.    At all times herein mentioned, plaintiff was continuously exposed to asbestos and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S COMPLAINT

1  asbestos-containing dust while on or about the premises of the Premises Defendants without the

2  provision of appropriate safeguards by said defendants who had the duty responsibility for such.

3       64.    Despite the knowledge by the Premises Defendants, and each of them, of the

4  aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos dust,

5  debris, fiber and particulate in the ambient air on or about the premises of said defendants generated

6  from the same above-described use, handling and/or disturbance of asbestos and asbestos-containing

7  products on and about the premises of said defendants, said Premises Defendants, and each of them,

8  failed to disclose or warn persons forseeably exposed to asbestos, including plaintiff, of those

9  asbestos hazards and dangers.

10       65.    Plaintiff DONALD BOEHNER was unaware of the risk of harm created by the

11  aforesaid presence of asbestos products and materials on said premises of the Premises Defendants,

12  and each of them; and plaintiff was also unaware of the unreasonable risk of harm created by the

13  aforesaid dangerous asbestos dust, debris, fiber and particulate in the ambient air on and about the

14  premises of said defendants.

15       66.    At all times herein mentioned, the Premises Defendants, and each of them, retained

16  control of the work and negligently failed to implement, and/or failed to have others implement,

17  proper safety precautions, and/or the use of proper work practices to guard against those asbestos

18  hazards on the premises of said defendants thereby creating an unreasonable risk of harm to persons

19  entering or being on, about or around said asbestos-contaminated premises.

20       67.    Despite said knowledge, defendants, including Premises Defendants, and each of

21  them, misrepresented that their premises were safe and free of defects, and/or failed to disclose, and

22  concealed, the presence of the asbestos dust, debris, fiber and particulate in the ambient air on or

23  about the premises of said defendants generated from the same above-described use, handling and/or

24  disturbance of asbestos and asbestos-containing products on and about the premises of said

25  defendants, including asbestos-laden waste derived from the premises of said defendants, thereby

26  creating an unreasonable risk of harm to persons entering said premises and other exposed persons,

27  including plaintiff.

28       68.    In reliance upon the foregoing acts, omissions and representations, plaintiff

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST , SUITE 700
LOS ANGELES, CALIFORNIA, 90067

– 23 –

1   DONALD BOEHNER entered and was present upon and/or performed work on said premises of the

2   Premises Defendants, and each of them, which was to defendants' benefit and advantage and at

3   defendants' request and invitation; whereupon there was dangerous asbestos dust, debris, fiber and

4   particulate in the ambient air as a result of the same above-described use, handling and/or

5   disturbance of asbestos and asbestos-containing products on and about the premises of said

6   defendants, including asbestos-laden waste derived from the premises of said defendants.  In so

7   doing, plaintiff was exposed to dangerous asbestos fibers for which Premises Defendants are liable.

8        69.     At all times herein mentioned, despite the knowledge by the Premises Defendants,

9   and each of them, of the aforesaid risk of harm from asbestos and/or asbestos products on or from its

10  premises, said defendants retained control of the work and negligently failed to implement, and/or

11  failed to have others implement, proper safety precautions, and/or the use of proper work practices to

12  guard against those asbestos hazards from the same above-described use, handling and/or

13  disturbance of asbestos and/or asbestos products on or from said defendants' premises creating an

14  unreasonable risk of harm to persons entering or being on, about or around said asbestos-

15  contaminated premises.

16       70.     At all times herein mentioned, the Premises Defendants, and each of them, were

17  aware and knew of the dangers associated with breathing asbestos containing dust, and that users of

18  asbestos and asbestos products, as well as persons entering or being on, about or around the premises

19  who would be exposed to asbestos and asbestos-containing products, had no knowledge or

20  information indicating that asbestos could cause injury, and said Premises Defendants knew that the

21  users of asbestos and asbestos-containing products, as well as persons entering or being on, about or

22  around the premises who were exposed to asbestos and asbestos-containing products, would assume,

23  and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in

24  fact said exposure was extremely hazardous to human life; and intended to instill a false security

25  about the safety of the premises.

26       71.     The Premises Defendants, and each of them, knew and failed to disclose that plaintiff

27  DONALD BOEHNER and anyone similarly situated, upon inhalation of asbestos would, in time,

28  have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   mesothelioma and/or cancer, and knew and failed to disclose that inhalation of asbestos would cause
2   pathological effects without noticeable trauma to the public, including buyers, users, and physicians
3   such that physicians could not examine, diagnose and treat those who were exposed to asbestos,
4   including plaintiff.

5       72.     Despite said Premises Defendants knowledge of the substantial risks associated with
6   exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the
7   suppression from all consumers and persons entering or being on said premises, including plaintiff
8   DONALD BOEHNER, medical and scientific information concerning the health hazards associated
9   with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious
10  disregard of the rights, safety and welfare of users, consumers, workers, persons working on around
11  the premises or living with persons entering or being on, about or around said asbestos-contaminated
12  premises.

13      73.     Rather than attempting to protect, or warn persons entering or being on, about or
14  around the premises, the high risk of injury or death resulting from exposure to asbestos and
15  asbestos-containing products, the Premises Defendants, and each of them, intentionally failed to
16  reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed
17  said knowledge from persons entering or being on, about or around the premises that asbestos and
18  asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of
19  said implied representations.  Said defendants propagated misinformation to instill a false sense of
20  security and safety to instill in persons entering or being on, about or around the premises a false
21  sense of security about the safety of the premises.

22      74.     In so doing, the Premises Defendants, and each of them, did so with conscious
23  disregard for the safety of persons entering or being on, about or around the premises, in that said
24  defendants had specific prior knowledge that there was a high risk of injury or death resulting from
25  exposure to asbestos or asbestos-containing products being used on the premises, including but not
26  limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government
27  data, and medical data to which said defendants had access, as well as scientific studies performed
28  by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

by said defendants on or before 1927, and thereafter.

75.     The above referenced conduct of said Premises Defendants, and each of them, was motivated solely by the financial interest of said defendants and in pursuance of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

76.     With said knowledge, said Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products.

77.     Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and without attempting to protect persons entering or being on, about or around the premises of the high risk of injury or death resulting from exposure to asbestos the said defendants' premises, the Premises Defendants, and each of them, negligently provided unsafe equipment, products and materials, including, but not limited to, asbestos and asbestos-containing products, to workers and others, including plaintiff DONALD BOEHNER, which created a risk of harm to persons entering said premises and persons exposed to asbestos dust, debris, fiber and particulate from the asbestos and asbestos-containing products used, handled or disturbed as hereinabove described on the premises of Premises Defendants.

78.     The unreasonably dangerous conditions at the premises of the Premises Defendants was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by said defendants using reasonable care.

79.     As a consequence, exposed persons, including plaintiff, entered and performed work in and on said premises which was to defendants' benefit and advantage and at defendants' request and invitation.  In so doing and as a consequence thereof, plaintiff was exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the premises of Premises Defendants.

80.     Plaintiff was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises and negligent provision of equipment, products and

- 26 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    materials, including, but not limited to, asbestos and asbestos-containing products.

2         81.    The conduct of Premises Defendants, and each of them, were a substantial factor and

3    a legal cause of plaintiff DONALD BOEHNER's injuries and damages thereby sustained by

4    plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their

5    acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare

6    of plaintiff DONALD BOEHNER, and that such intentional acts and omissions were substantial

7    factors in causing his disease and injuries.

8         82.    Plaintiff DONALD BOEHNER's injuries and disease were the result of intentional

9    acts and/or omissions, gross negligence and malice in the use of asbestos at the premises of the

10   Premises Defendants, and each of them, in that said defendants had a duty to properly remove and/or

11   abate said asbestos at these facilities before or during his presence, but failed to do so.

12        83.    As a direct and proximate result of the aforesaid conduct of said Premises

13   Defendants, and each of them, plaintiff DONALD BOEHNER suffered severe and permanent

14   injuries to his person, and plaintiff suffered damages as alleged above.

15        84.    In particular, plaintiff would show that, as alleged here in this cause of action and

16   throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises

17   Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing

18   agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

19   ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

20   disease and injuries.  As the above referenced conduct complained of in this complaint of said

21   Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

22   managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

23   outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire

24   want of care as to establish that their acts and omissions were the result of actual conscious

25   indifference to the rights, safety, and welfare of plaintiff DONALD BOEHNER and of workers

26   exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

27   of punishing said defendants, seek punitive damages according to proof.

28   ///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 27 -

## FIFTH CAUSE OF ACTION

### FEDERAL EMPLOYEES' LIABILITY ACT

#### (Against All FELA Defendants and DOES 301 through 400)

85.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 84 above, inclusive.

86.   All times mentioned herein, and for some time prior thereto and thereafter, the Defendants **BNSF RAILWAY COMPANY**, individually and as successor in interest to GREAT NORTHERN RAILWAY and successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **CANADIAN PACIFIC RAILWAY CO.**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **DAKOTA SOUTHERN RAILWAY COMPANY**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **SOO LINE CORPORATION**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **SOO LINE RAILRAOD COMPANY**, individually and as successor in interest to CHICAGO, MILWAUKEE, ST. PAUL and PACIFIC RAILROAD (for asbestos materials); **WISCONSIN & SOUTHERN RAILROAD, L.L.C.**, individually and as successor interest to CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD (for asbestos materials) and DOES 301 through 400, and each of them, inclusive, (hereafter FELA Defendants) were engaged in the business of interstate commerce in and throughout several states of the United States as common carriers by railroad; and for the purposes thereof, did operate their businesses, maintain offices and place its agents, servants and employees throughout the State of California.

87.   That during the course of plaintiff DONALD BOEHNER's employment, the FELA Defendants, and DOES 301 through 400, and each of them, inclusive, were engaged in interstate commerce as a common carrier by rail, and all or part of the duties of Plaintiff were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C. Second 1 *et seq.*, which Act grants this Court jurisdiction over this action.

- 28 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

88.    That beginning in the 1950s during his employment with the FELA Defendants, and DOES 301 through 400, and each of them, inclusive, plaintiff DONALD BOEHNER was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and around asbestos-containing products in the Defendants' various railroad shops and facilities, including the shops and facilities, in and around the State of California.

89.    That during the course of plaintiff DONALD BOEHNER's employment with the FELA Defendants, and DOES 301 through 400, and each of them, inclusive, he was engaged in the course of his employment at its roundhouses and facilities in and around California as a boiler tender, fireman and construction worker, and in other various roles and capacities where he was required and caused to work with and in the vicinity of toxic substances including asbestos and asbestos-containing products and materials which caused him to suffer severe and permanent injury to his person.

90.    That at all times relevant, plaintiff DONALD BOEHNER was unaware of the dangerous propensities of asbestos and asbestos-containing products he was required to work with and around and was unaware of the cause of his latent abnormal medical condition.

91.    The FELA Defendants, and DOES 301 through 400, and each of them, inclusive, by and through its duly authorized agents, servants, and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act, including but not limited to:

a.    In failing to provide Plaintiff with a reasonable safe place within which to work;

b.    In failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

c.    In failing to warn Plaintiff of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

d.    In failing to operate the locomotive repair facility in a safe and reasonable manner;

e.    In failing to provide instructions or a method for the safe use of asbestos;

f.    In failing to provide adequate, if any, instructions in the use or removal or old

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

asbestos products;

g. In failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

h. In formulating and using a method of handling asbestos and asbestos-related materials exposing Plaintiff to high concentrations of asbestos fibers;

i. In failing to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

j. In allowing unsafe practices to become the standard practice;

k. In failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos-insulation materials and other asbestos-containing products;

l. In failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

m. In requiring employees to work with an ultra-hazardous product;

n. In failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

o. In failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos-related products and other hazardous substances;

p. In failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

q. In allowing excessive fumes from diesel exhaust to exist and remain in the work area;

r. In failing to provide any or adequate warning to the Plaintiff of the exposure to the carcinogen asbestos at any time, including the time of filing; and

s. In others way not now currently known to Plaintiff, but when the same are ascertained, Plaintiffs will seek leave to amend.

92.   As a direct and proximate result of the conduct of the FELA Defendants, and DOES through 400, and each of them, inclusive, as aforesaid, the exposure to asbestos caused severe and

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   permanent malignant injuries to plaintiff DONALD BOEHNER.

2        93.    The conduct by the FELA Defendants, and DOES 301 through 400, and each of

3   them, inclusive, as described in this cause of action was a substantial factor and a legal cause of

4   DONALD BOEHNER's injuries and damages sustained by the plaintiff as described above.

5        94.    In particular, plaintiff would show that, as alleged here in this cause of action and

6   throughout this complaint, that such intentional, grossly wanton acts and omissions by FELA

7   Defendants, and DOES 301 through 400, and each of them, inclusive, were substantial factors in

8   causing his disease and injuries. As the above referenced conduct complained of in this complaint of

9   FELA Defendants, and DOES 301 through 400, and each of them, inclusive, was and is vile, base,

10  willful, malicious, fraudulent, oppressive, outrageous, and said FELA Defendants, and DOES 301

11  through 400, and each of them, inclusive, demonstrated such an entire want of care as to establish

12  that their acts and omissions were the result of actual conscious indifference to the rights, safety, and

13  welfare of plaintiff DONALD BOEHNER and of workers exposed to asbestos and asbestos

14  products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek

15  punitive damages according to proof.

16       95.    All of Plaintiff's claims against the FELA Defendants, and DOES 301 through 400,

17  and each of them, inclusive, are brought under FELA.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S COMPLAINT

1       **WHEREFORE,** plaintiff prays judgment against defendants, and DOES 1 through 400, and

2  each of them, inclusive, as follows:

3       1.  For general damages according to proof;

4       2.  For special damages according to proof;

5       3.  For medical and related expenses according to proof;

6       4.  For loss of income, earning capacity, earning potential according to proof;

7       5.  For exemplary or punitive damages according to proof;

8       6.  For costs of suit herein;

9       7.  For prejudgment interest on all damages as allowed by laws; and

10       8.  For such other and further relief as the Court deems just and proper.

11  DATED: February 5, 2013      WEITZ & LUXENBERG, P.C.

12

13                  BY:_____

14                      BENNO ASHRAFI
                          VENUS BURNS

15                      Attorneys for Plaintiff

16              **DEMAND FOR JURY TRIAL**

17     Plaintiff demands a jury trial on all issues.

18  DATED: February 5, 2013      WEITZ & LUXENBERG, P.C.

19

20                  BY:_____

21                      BENNO ASHRAFI
                          VENUS BURNS

22                      Attorneys for Plaintiff

23

24

25

26

27

28

*WEITZ & LUXENBERG P.C.*
*A PROFESSIONAL CORPORATION*
*LAW OFFICES*
*1880 CENTURY PARK EAST, SUITE 700*
*LOS ANGELES, CALIFORNIA 90067*

- 32 -

PLAINTIFF'S COMPLAINT

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Benno Ashrafi, Esq. (CSBN 247623)<br>Weitz & Luxenberg, P.C.<br>1880 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310-247-0921    FAX NO.: 310-786-9927<br>ATTORNEY FOR *(Name)*: Plaintiff(s) | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 05 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY *Cristina Grijalva*, Deputy<br>Cristina Grijalva |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Boehner v. Air & Liquid Systems Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC500442 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [✓] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 5, 2013

Benno Ashrafi
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Boehner v. Air & Liquid Systems Corporation, et al. | BC500442 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 20+  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☑ A7221 | Asbestos - Personal Injury/Wrongful Death | ②. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

| SHORT TITLE: Boehner v. Air & Liquid Systems Corporation, et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Boehner v. Air & Liquid Systems Corporation, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:                                              | CASE NUMBER |
|----------------------------------------------------------|-------------|
| Boehner v. Air & Liquid Systems Corporation, et al.      |             |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE  ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 818 W. 7th Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 5, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

*BC 500442*

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(e)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | ✓ |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use
           ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
           Cal. Rules of Court, rule 3.221
           Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA.  For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621.  The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                        ☐ Neutral Evaluation

☐ Arbitration (non-binding)        ☐ Settlement Conference

☐ Arbitration (binding)            ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                              (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____          >  _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐ Request for Informal Discovery Conference
    - ☐ Answer to Request for Informal Discovery Conference
2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**FILED**
Superior Court of California
County of Los Angeles

**OCT 25 2011**

John A. Clarke, Executive Officer/ Clerk

By _____ , Deputy
ALFREDO MORALES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

IN RE LAOSD ASBESTOS LITIGATION

JCCP CASE NO. 4674

**ORDER AUTHORIZING ELECTRONIC SERVICE**

Dept: 324
Judge: Hon. Emilie H. Elias

1. **APPLICATION OF ORDER**

Judicial Council Coordinated Proceedings Case No. 4674 (hereinafter referred to as "ASBESTOS LITIGATION" or "JCCP 4674") is deemed complex litigation within the meaning of the California Standards of Judicial Administration for Complex Litigation Section 19 and California Rules of Court, Rule 3.400, *et. seq.* As such, ASBESTOS LITIGATION requires specialized management to avoid placing unnecessary burdens on the Court and the litigants and to keep costs reasonable.

At the Omnibus Status Conference held on October 6, 2011 the Court advised all parties present that it intended to order e-service. On the same date, the parties were invited to join a committee to select the provider and to discuss the terms of the e-service process. The Court met with said committee, which consisted of representatives from both plaintiff and defense sides, on October 18, 2011 to hear presentations from potential providers and to discuss the nature of this Order. The Court further provided the draft of this Order to said committee for their input. Said committee has selected the provider and has given their input into this Order.

The Court finds that entry of an order requiring mandatory electronic service of all pleadings and documents subsequent to the filing of the Complaint and Summons in ASBESTOS LITIGATION actions will benefit the Court, counsel and litigants, and will further the orderly conduct and management of ASBESTOS LITIGATION in this jurisdiction. The Court further finds that electronic service will not cause undue hardship or significant prejudice to any party. Therefore, pursuant to California Rules of Court, Rule 2.253, the Court hereby orders service subsequent to the filing and service of the Complaint and Summons to be accomplished electronically as set forth in this Order by all parties in ASBESTOS LITIGATION. California Rules of Court, Rules 2.250 through 2.261 shall govern the electronic service of documents in the ASBESTOS LITIGATION. Electronic service of ASBESTOS LITIGATION documents requires utilization of an electronic service provider. Any such provider must be approved by the Court. The effective date for electronic service in ASBESTOS LITIGATION shall be November 14, 2011.

2. **DEFINITIONS**

    A.    **E-Service VENDOR or VENDOR or Approved VENDOR** – A private firm or other business entity approved and selected by the Court to provide electronic service. As of the effective date of this Order, the Court has approved LexisNexis (http://www.lexisnexis.com/fileandserve).

    B.    **E-Service** – Electronic transmission of an original document to all other designated recipients via the VENDOR's system. Upon the completion of any transmission to the VENDOR's system, a transaction receipt is issued to the sender acknowledging receipt by the VENDOR system. Once the VENDOR has served all recipients, proof of electronic service shall be available to the sender from VENDOR.

    C.    **ASBESTOS LITIGATION** – All cases that have been, or become, coordinated into JCCP 4674.

    D.    **E-Document** – An electronic version of a word processing document which generally is composed of text.

    E.    **E-Image** – An electronic version of a document that has been scanned or converted to a graphical or image format.

    F.    **USER(S)** – Any party or non-party to an action who files ASBESTOS LITIGATION documents and utilizes the services of the approved VENDOR.

    G.    **CASE** -- The individual case filed by a plaintiff which is now, or later becomes, a part of the ASBESTOS LITIGATION.

3. **OPERATION OF ELECTRONIC SERVICE PROCEDURE**

    A.    All parties to the ASBESTOS LITIGATION pending in this Court, other than self-represented parties, shall utilize the services of an approved VENDOR on and after the effective date of this Order. USERS shall enter into the following arrangements with VENDOR:

        1.    A standard service agreement during the registration process with the approved VENDOR that will govern any and all transactions completed within and outside the scope of this Order, in addition to additional features

1     that USERS may but are not required to use in connection with the electronic

2     serving of documents through the VENDOR;

3   2.  An addendum agreement referenced herein shall apply solely and exclusively

4     to the parties to the ASBESTOS LITIGATION and their legal

5     representatives, and shall not be altered by VENDOR without Court

6     approval.

7  B. The fees charged by the VENDOR for use of the electronic service system shall be

8    established by the VENDOR pursuant to the agreed upon terms. Other than that

9    specifically contemplated by the terms of the agreement, VENDOR shall maintain

10    the fee structure in effect for E-Service at the commencement of this Order. No fees

11    associated with electronic service may be increased by the VENDOR without Court

12    approval after having given at least 60 days prior notice to all USERS.

13  C. The Court may solicit bids from other potential VENDORs and submit to the parties

14    in ASBESTOS LITIGATION any recommendations for a change in the designation

15    of the VENDOR or the terms of the Service Agreement. Should a party in

16    ASBESTOS LITIGATION seek to alter the current VENDOR, it must seek leave of

17    Court to do so.

18 **4.** **ASSIGNMENT BY THE VENDOR OF WEBSITE AND USERNAME AND**

19  **PASSWORD**

20  VENDOR shall establish and maintain an internet website for the ASBESTOS LITIGATION.

21 VENDOR will post all documents served by the parties to the website as provided in this Order and

22 shall serve each document on the parties included on the service list provided to VENDOR in

23 accordance with the procedures herein.

24  A general page will be created for JCCP 4674. All orders that apply to all CASES in

25 ASBESTOS LITIGATION or notices from the Court shall be designated by the Court to be posted

26 and served on all parties under JCCP 4674. All other documents shall be posted and served on all

27 parties in the CASE to which the document pertains under the individual CASE number.

28

1       VENDOR shall assign to the party's designated representative a confidential USER name

2   and password which may be used to electronically serve and receive pleadings, orders, and other

3   documents that are filed and/or served in ASBESTOS LITIGATION.   No attorney or party

4   representative shall knowingly authorize or permit his/her USER name or password to be utilized by

5   anyone other than the authorized attorneys or employees of the attorney's law firm.

6   **5.**   <u>**ELECTRONIC SERVICE OF PLEADINGS AND OTHER DOCUMENTS**</u>

7       All documents filed with the Court shall be electronically served on all parties.  Except as

8   expressly provided herein, all pleadings, motions, memoranda of law, declarations, orders, discovery,

9   *ex parte* notices, deposition notices and objections, or other documents served in ASBESTOS

10  LITIGATION by USERS shall be electronically served.

11      Notice(s) of *ex partes*, whether by letter or pleading, shall be uploaded as a separate

12  transaction. All notices of depositions and objections to depositions must be uploaded as a separate

13  transaction. Except as set forth above, documents pertaining to the same CASE may be served as one

14  transaction if they pertain to the same category of documents and the same party, i.e. notice of motion,

15  points and authorities, declarations, etc. for one motion may be served together as a single

16  transaction.

17      USERS may electronically serve other documents not specifically contemplated above. Other

18  correspondence between counsel need not be served electronically.

19      In the event a document is served by any method authorized under the Code of Civil Procedure

20  other than electronic service, a copy of the document(s) also shall be electronically served in

21  compliance with the terms of this Order by 5:00 p.m. on the next business day.

22      Nothing is intended by this Order to modify the obligations of service as set forth in the

23  California Code of Civil Procedure and/or other applicable rules.

24      **A.**   <u>**Complaint and First Appearances**</u>

25          Plaintiff shall file in paper form the complaint and summons and proof of

26          service of same; these documents shall also be posted electronically.  Electronic

27          service of a summons and complaint does not constitute service of process for any

28

1    purpose and does not relieve the serving party from compliance with the applicable

2    provisions of the California Code of Civil Procedure.

3            Each defendant shall serve its first pleading in each CASE with the VENDOR

4    in such manner as the VENDOR shall establish to enter its appearance and serve its

5    first pleading electronically in the newly-filed CASEs.

6    **B.**    <u>Service Lists</u>

7            Within five (5) days of this Order, every counsel for plaintiffs in ASBESTOS

8    LITIGATION shall submit to the VENDOR a complete and current service list of

9    counsel of record for each matter in which they represent a plaintiff(s) in ASBESTOS

10    LITIGATION. Each attorney of record for a party in the ASBESTOS LITIGATION

11    shall register for electronic service by completing the appropriate VENDOR

12    application within ten (10) days of this Order.

13            Within ten (10) days of the effective transfer of any CASE from a referring

14    Court into the ASBESTOS LITIGATION, counsel for plaintiff shall submit to the

15    VENDOR a complete and current service list of all parties and their attorneys of

16    record. Each attorney of record shall register for electronic service by completing the

17    appropriate VENDOR application within ten (10) days of service of notice of transfer

18    of a CASE from a referring Court into the ASBESTOS LITIGATION.

19            Within fifteen (15) days of the entry of appearance of a new party in the

20    ASBESTOS LITIGATION, each attorney of record for that party shall register for

21    electronic service by completing the appropriate VENDOR application

22            A party seeking to be removed from a service list on any CASE shall file with

23    the Court and serve on all parties a "Request To Be Removed From The Service List."

24    Any party objecting to the removal of the requesting party must file with the Court and

25    serve on all parties an objection within five (5) court days. If no objection is received,

26    the requesting party shall be removed from the service list by the party initiating the

27

28

1  action against the requesting party. Parties may only be removed from a service list by

2  the party initiating the action or by order of the Court.

3  Service list changes will remain the responsibility of the individual parties

4  through their counsel, if any. The VENDOR shall process the changes requested by

5  parties, but the VENDOR will not initiate them.

6  **6.    EFFECT OF USE OF E-SERVICE AND TIME FOR SERVICE**

7  No document transmitted electronically shall be considered as served unless it is accepted by

8  the VENDOR. Electronic service shall be complete at the time of transmission. However, any

9  documents transmitted after 5:00 P.M., Pacific Time, will be deemed to have been served on the

10  following date.

11  Any period of notice or any right or duty to do any act or make any response within any period

12  or on a date certain after the service of the document, which time period or date is prescribed by

13  statute or California Rules of Court, shall be extended after service by electronic transmission by two

14  court days, but the extension shall not extend the time for filing notice of intention to move for new

15  trial, notice of intention to move to vacate judgment pursuant to Code of Civil Procedure § 663a, or

16  notice of appeal (California Rules of Court, Rule 2.251(f)(2)).

17  In the event that a document is rejected for filing by the Court after VENDOR has posted it on

18  the website, the party that caused the document to be posted shall promptly notify VENDOR in

19  writing that the document was rejected by the Court for filing. VENDOR shall cause a permanent

20  notation to be placed on the website in conjunction with that document memorializing the fact of

21  rejection. All parties reserve their rights to object to untimely or otherwise improperly filed and/or

22  served documents.

23  **7.    FORMAT OF ELECTRONICALLY SERVED DOCUMENTS**

24  **A.    Pleadings, Discovery, and General Documents**

25  All electronically served documents, to the extent practicable, shall be

26  formatted in accordance with the applicable rules governing formatting of paper

27  pleadings, and in such other or further format as the Court may require. The date and

28

time of the hearing or trial in connection with which the document is submitted shall be designated on the cover page of each document. The caption and signature page of any document served shall contain the name of the attorney and, if applicable, the name of the law firm representing the party and the name of the party on whose behalf the document is served.

All documents relating to a single motion, pleading or paper shall be electronically served together in a single service transaction. All documents electronically served shall be identified by: (a) the name of the serving law firm; (b) the caption(s) of the CASE(s), including specific CASE number; (c) a brief title of the document, including the name of the party to whom it is directed; and (d) the identity of the party on whose behalf the document is being served.

The document title entered on the VENDOR system shall be substantially the same as the caption on the document. This title is used to allow USERS to quickly search the VENDOR system and locate specific documents. The title shall be used for administrative and reference purposes only, but is not determinative for any other purpose.

Documents that are required to be redacted per California Rules of Court, Rule 1.20 shall be served in their unredacted form, but shall be filed with the Court redacted in accordance with the California Rules of Court. Documents lodged provisionally under seal, pursuant to California Rules of Court, Rules 2.550, *et seq.*, shall be electronically served in a locked format and shall be so served on the parties in said CASE. The redacted versions shall also be served, in unlocked version, on all parties in said CASE.

**B.**  <u>Non-Electronic Exhibits or Other Items</u>

Exhibits to declarations or other documents that are nontext articles, real objects, or other documents not readily susceptible to electronic service may be

1   served in non-electronic form.  A notice of such alternative service shall be served

2   electronically.

3   **C.     Proof of Service**

4           Proof of electronic service shall conform to the applicable provisions of the

5   Code of Civil Procedure and the California Rules of Court.  The VENDOR's

6   transaction receipt may operate as the proof of service so long as it complies

7   substantially with such provisions.  A proof of service page may be attached to the

8   last page of any electronically served document.  Neither a separate caption page nor

9   a separate filing of the proof of service is required so long as the proof of service

10  page contains a caption referencing the CASE name and action number, is attached

11  as the last page of the electronically served document to which it refers, and

12  references the VENDOR's transaction receipt.

13  **8.     SIGNATURES ON E-SERVED DOCUMENTS**

14          Every pleading, document, and instrument electronically served shall be deemed to have

15  been signed by any judge, licensed attorney, court official or person authorized to execute proofs of

16  service if it bears the graphic signature or the typographical signature of such person, e.g. "/s/ Adam

17  Attorney," along with the typed name, address, telephone number, and State Bar of California

18  number of a signing attorney.  Such graphic or typographical signatures shall be treated as personal

19  signatures for all purposes under the California Code of Civil Procedure.

20          Other than the attorney of record for a party in a CASE, all other filed and/or served

21  documents requiring a signature under penalty of perjury must be imaged to reflect the handwritten

22  signature of the declarant to accomplish valid service.  Upon request, the filing and/or serving party

23  shall provide the original of such typographically signed or imaged documents.

24          USERS shall retain in their files or in the file of the Court an original dated hard copy with

25  hand written signature as required of all electronically served documents.  The hard copies shall be

26  made available for inspection upon reasonable notice.

27

28

**ORDER AUTHORIZING ELECTRONIC SERVICE**                                               Page 9 of 11

**9.   NEW PARTIES**

A copy of this Order or reference to the court file where such Order is located shall be provided to all parties at the time of initial service of the Complaint or at any other such first time a new party is brought into an existing action in ASBESTOS LITIGATION.

**10.   USER AND VENDOR TECHNICAL PROBLEMS**

In the event that a USER is temporarily unable to electronically serve due to technical problems, the USER should promptly seek relief from the Court. The Court shall establish policies and procedures for USERS to follow when requesting an extension of time due to technical problems.

If electronic service does not occur because:  (1) of an error in the transmission of the document to the VENDOR or served party which was unknown to the sending party, (2) of a failure to process the electronic document when received by the VENDOR, (3) a party was erroneously excluded from the service list, or (4) of other technical problems experienced by the VENDOR, the party or parties affected may be entitled to an extension for any response or the period within which any right, duty, or other act must be performed, provided the USER demonstrates that s/he attempted to otherwise timely complete service on a particular day and time.

VENDOR shall provide, in the least, telephonic technical service assistance to the Court and parties in ASBESTOS LITIGATION 24-hours per day, 365-days per year, and shall work diligently to avoid and promptly resolve any technical difficulties.

**11.   PARTIES NOT REPRESENTED BY COUNSEL AND NON-PARTIES**

Parties not represented by counsel and non-parties are not required to electronically serve documents and may serve documents in accordance with the California Code of Civil Procedure and other applicable rules.

**12.   ELECTRONIC SERVICE OF ORDERS AND OTHER DOCUMENTS BY THE COURT**

The Court may electronically serve orders and other documents electronically on parties in the ASBESTOS LITIGATION.

1   **13.    OBJECTION TO E-SERVICE ORDER AND NOTICE OF ORDER**

2       **A.**    All parties currently in the ASBESTOS LITIGATION shall have ten (10) days from

3           service of this Order to file objection with the Court. Any party appearing after

4           November 14, 2011, shall have ten (10) days from their initial appearance to lodge any

5           objections to this Order and to seek exemption. A copy of this Order or reference

6           thereto shall be served upon any newly appearing party with the initiating pleadings.

7           Exemptions may be granted in the discretion of the Court if it appears that a party

8           would suffer undue hardship or significant prejudice.

9       **B.**    Counsel for Plaintiff is further ordered to serve a copy of this Order on parties in each

10          CASE within five (5) days of the entry of this Order.

11

12  **IT IS SO ORDERED.**

13

14  Dated: October __25__, 2011

                  EMILIE H. ELIAS

15                    JUDGE OF THE LOS ANGELES SUPERIOR COURT

16

17

18

19

20

21

22

23

24

25

26

27

28